7
Stephen M. Reynolds, CSB 148902
**Reynolds Law Corporation**
424 Second Street, Suite A
Davis, CA 95616
530 297 5030 Telephone
530 297 5077 Facsimile
sreynolds@lr-law.net  Email

Attorneys for Debtor and
Debtor-in-Possession
Capital Valley Partners, LLC

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | | | |
|---|---|---|---|
| In re: | ) | Case No. | 15-21031-C-11 |
| | ) | DCN: | RLC-6 |
| | ) | Date: | June 2, 2015 |
| Capital Valley Partners, LLC | ) | Time | 9:30 a.m. |
| | ) | Dept: | C |
| Debtor | ) | Ctrm: | 35 |
| _____ | ) | Judge: | Klein |

**MOTION FOR SALE OF REAL PROPERTY OF
THE ESTATE FREE & CLEAR OF LIENS
[11 U.S.C. §363(f)]**

Capital Valley Partners, LLC the Chapter 11 debtor-in-possession in the above captioned case ("Debtor"), hereby moves for an order approving the sale of real property of the estate as well as work product relating to the parcel to KB Home Sacramento, Inc. a California corporation pursuant to the terms of the Agreement for Purchase and Sale of Real Property and Escrow Instructions (hereinafter "Purchase & Sale Agreement") subject to modification at the time of

MOTION FOR SALE OF PARCEL 8 FREE & CLEAR

PAGE 1

the hearing on sale pursuant to 11 U.S.C. §363(f).  A copy of the Purchase & Sale Agreement is included in the Exhibits filed in Support of the present motion.   The land in question is approximately 9.87 acres known as Parcel 8 of the tentative property map of real property located at 10240 Grantline Road, Elk Grove, CA.  The parcel has been tentatively approved for ninety two (92) single family residential lots.  The proposed purchase price is $2, 852, 000 cash, and assumption of approximately $600,000 of California Statewide Community Infrastructure Program financing and providing for a maximum annual assessment on the entire Property of Fifty Thousand Dollars ($50,000) to be further allocated to each Lot.

In support of the motion to sell the Debtor represents as follows:

1.  This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. §363 and 28 U.S.C.  §§157 and 1334 and Federal Rules of Bankruptcy Procedure, Rules 6004 and 9014.  This is a core proceeding pursuant to 28 U.S.C. §157(b).

2.  Debtor commenced this case as a voluntary Chapter 11 on February 11, 2015.  Debtor continues as Debtor in Possession.

3.  Debtor contemplates the sale of Parcels 8, 9 and 5 in relatively short order.

4.  The sale of Parcels 8 and 9 contemplates that a portion of the sales proceeds will be placed in an escrow account to fund offsite improvements

required before occupancy permits. There will be a similar requirement for Parcel 5 but with different offsite improvements. A total of $4,000,000 from the proceeds of Parcels 8 and 9 shall be placed in a Construction Account as defined by Section 3.7 of the Purchase & Sale Agreement. It is contemplated that KB Homes will responsible for the construction work other than the work to be performed on Grantline Road which is to be performed by the City of Elk Grove.

    5. The Purchase & Sale Agreement includes a commission in the amount of three percent (3%) payable to Doug Bayless of Bayless Properties, Section 6.

    6. Debtor is aware of four liens secured by the property. A true and correct copy of the Preliminary Title Report dated January 13, 2014 is attached to the Exhibits filed in support of this motion. These are:

    a. The secured claim of Ladera Triangle Point, LLC is a first priority deed of trust secured by the real property of the debtor commonly known as 10240 Grant Line Road, Elk Grove, CA. It is in the approximate amount of $4,100,000. Burrell Consultant Group, Inc. takes the position that it is senior to the Ladera claim.

    b. The secured claim of the R. Marie Rohrer Trust is a second priority deed of trust recorded on February 5, 2011 but subordinated to the Ladera

Triangle Point, LLC claim. The claim is in the approximate amount of $2,567,000.

c. The secured claim of Tom Sneva is a third priority deed of trust secured by the real property of the debtor commonly known as 10240 Grant Line Road, Elk Grove, CA. It is in the approximate amount of $400,000 plus interest.

d. The pre-petition mechanics lien claim of Burrell Consultant Group, Inc. in the approximate amount $156,203.

## ARGUMENT

Under Section 363(h)(1) of the Bankruptcy Code, the debtor in possession acting as trustee, may, after notice and hearing, use, sell or lease other than in the ordinary course of business, property of the estate. Approval of a transaction subject to Section 363 is within the sound discretion of the Court. In re Lionel Corp., 722 F. 2nd 1063, 1071 (2nd Cir. 1983); In re Baldwin-United Corp., 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984). In evaluating whether a transaction is based upon a sound business purpose the Court should consider all salient factors pertaining to the proceeding and act upon the diverse interests of the debtor and creditors. Here the debtor sought and obtained a purchase agreement for six of the

seventy five acres owned by the estate. The sale provides a means to capture the current good market and the 2015 building season. Delay may result in a loss of the proposed sale of parcel 8 as well as parcel 9. The sale also significantly improves the value of the remaining parcels by providing for a recorded parcel map.

11 U.S.C. §363(f) provides for a sale free and clear of any interests. Section 363(f) authorizes a sale where: (1) applicable nonbankruptcy law permits sale of such property free and clear of such interests: (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens of such property; (4) such interest is in bona fide dispute; (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. Here nonbankruptcy law permits the sale of a portion of secured creditor's collateral where the creditor's lien will attach to the sale proceeds and total value of the creditor's collateral will increase due to the recording of a final parcel map and completion of offsite improvements. Further it is anticipated that this motion will be followed shortly by confirmation of the Debtor's Plan of Reorganization.

11 U.S.C. §363(f) (2) provides that a trustee (or debtor in possession acting as trustee) may sell property free and clear of any interest in such property

MOTION FOR SALE OF PARCEL 8 FREE & CLEAR

PAGE 5

of an entity other than the estate if such entity consents.  The failure of a respective interest or lien holder to timely object after receiving proper notice thereof should be held to be satisfactory consent for purposes of Bankruptcy Code §363(f)(2)..  See In re Tabore, Inc., 175 B.R. 855 (Bankr. D.N.J. 1994) (failure to object to notice or attend hearing deemed consent for purposes of section 363); In re Shary, 152 B.R. 724 (Bankr. N.D. Ohio 1993) (state's failure to object to transfer of liquor license constituted consent); In re Elliot, 94 B.R. 343, 345-346 (E.D. Pa. 1988). Consequently, the failure of any lien-holder or other interest holder to object to the proposed sale after receiving proper notice should be deemed to constitute their consent to the same as that creditor.

As a consequence, the motion of the Debtor under Section 363(f) is proper and the motion should be granted in its entirety.

**WHEREFORE**, Debtor requests an order:

A.  Authorizing the conclusion of the proposed sale with the sales proceeds to be placed in a blocked account pending further order of the court.

B.  Authorizing the Debtor to execute any and all instruments, documents and agreements necessary to and for the sale of the Assets of the Debtor and to take any and all actions necessary or appropriate to perform, undertake, consummate, implement and close the sale, transfer and conveyance of the Assets,

including, without limitation, executing all additional instruments, documents and agreements as may be necessary, expedient or proper to complete any and all confirmations, acknowledgments, conveyances, transfers, sales, grants, assignments, and/or subordinations;

    C.  That the Bankruptcy Court shall retain jurisdiction and power of any action, proceeding, dispute and/or matter arising under, arising out of, or related to or encompassed by this motion or the sale that is the subject of this motion.

    D.  Waiving the 10 day stay period provided by Federal Rules of Bankruptcy Procedure 4001(a)(3), to the extent applicable, and 6004(g); and

    E.  For any and all such further relief as the Court deems just and proper.

Dated: May 2, 2015    **REYNOLDS LAW CORPORATION**

    <u>/s/ Stephen M. Reynolds</u>
    Stephen M. Reynolds
    Attorneys for Capital Valley Partners, LLC